THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In the matter of | ) | Adv. No. 09 A 00194 |
| | ) | |
| **Horace O. Brent Sr.,** | ) | |
| Debtor | ) | Bk. No. 06 B 10766 |
| | ) | |
| ──────────────── | ) | Chapter 13 |
| | ) | |
| **Marilyn O. Marshall,** | ) | Judge Pamela S. Hollis |
| **Standing Trustee,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Barry S. Maram, Illinois** | ) | |
| **Department Of Healthcare** | ) | |
| **and Family Services,** | ) | |
| **Cassandra Kimble and Linda Price,** | ) | |
| | ) | |
| Defendants | ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER ON THE STATE OF ILLINOIS' MOTION TO DISMISS PARTIES

This matter is before this Court pursuant to the Standing Trustee's Complaint for Turnover of Property of the Estate and the State of Illinois' Motion to Dismiss Parties Illinois Department of Healthcare and Family Services (IDHFS) and Barry Maram (collectively known as the "State") as Defendants. This Court has jurisdiction over the subject matter of this matter pursuant to 28 U.S.C. §1334(b). This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (E). Having reviewed the responses submitted by the parties, this Court will deny the State's Motion to Dismiss and hereby submits its findings of fact and conclusions of law.

1

## FINDINGS OF FACT

On August 30, 2006, Horace Brent filed case number 06 B 10766, a voluntary petition for relief under Chapter 13 of Title 11. Marilyn O. Marshall was appointed as the Standing Trustee for Mr. Brent's estate. On November 16, 2006, the State filed two Proofs of Claim in the Chapter 13 bankruptcy case. The priority claims, identified as numbers 3 and 4, were for child support arrears. Based on claim numbers 3 and 4, Brent owed child support arrears to Cassandra Kimble and Linda Price totaling $6,123.52 and $4,754.97 respectively. On June 1, 2007, the State filed two new Proofs of Claim indicating that Brent no longer owed unpaid child support, yet the face of the claims did not indicate clearly that they were intended to amend claim numbers 3 and 4. However, the bankruptcy clerk docketed both of IDHFS's June 1, 2007 claims in the Claims Register as "amended claims" for a total amount claimed of $0.

Since the Trustee could not determine from the face of the proofs of claim whether the amended claims were for additional amounts the debtor owed or if the claims were changing the original claims, the Standing Trustee sent disbursements to IDHFS from June 15, 2007 to August 15, 2008. Ultimately, the Trustee disbursed $3,777.03 for claim number 3 and $2,932.87 for claim number 4. IDHFS negotiated the Trustee's checks and subsequently issued payments to Kimble and Price. Kimble and Price successfully negotiated all of IDHFS's checks.

After the Trustee conducted her audit, she determined that the debt to the State of Illinois had been paid in full. In addition, the State conceded that Kimble and Price had been overpaid. On March 6, 2009, the Standing Trustee filed and served a Complaint for Turnover of Property of the Estate seeking the return of the overpaid funds that were disbursed to the State. In addition to the custodial parents, the Trustee listed the State as defendants to the adversary complaint. The State responded with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012. The State argued that it was immune to the Trustee's lawsuit pursuant to the Eleventh Amendment, and therefore, this Court did not

2

have jurisdiction over the state defendants. The Trustee asserted that jurisdiction is proper under 11 U.S.C. §106(b), which allows for a waiver of sovereign immunity by a governmental unit. By filing proofs of claim in the <u>Brent</u> case, the Trustee maintained that the State consented to jurisdiction as it related to the instant adversary complaint.

## CONCLUSIONS OF LAW

This Court finds that, by filing proofs of claim in the <u>Brent</u> case, the State waived its right to assert sovereign immunity and consented to jurisdiction pursuant to §106(b). The State filed the claims that are the subject of the instant adversary complaint. As a result, the requirements of §106(b) are satisfied, and the State is not immune from suit by the Standing Trustee. Due to the State's level of participation in the <u>Brent</u> matter, the Eleventh Amendment cannot be used to shield the State if this Court later determines that any liability exists.

This Court also finds that the manner in which the State filed its amended claims did not communicate clearly to the Trustee that no funds should be disbursed for claim numbers 3 and 4. The claims that were filed on June 1, 2007 did not state which claims were being amended. As a result, it was unclear whether the original claims 3 and 4 had been satisfied. The Court concludes that instead of amending claims when claims are paid in full, the State must file with the Clerk, and serve on the Trustee, a notice withdrawing the original claims and stating that the original claims are paid in full. In addition, when the State is amending claims to different dollar amounts, then it must list the number of the original claim that is being amended, change the dollar amount on the Official Form 10, and check the "amended claim" box. These actions aid the Trustee in the proper administration of cases. Although this Court is not reaching the merits of the Trustee's complaint at this time, the State shall remain as defendants to the Trustee's lawsuit.

**IT IS HEREBY ORDERED:**

Based on the foregoing, the State of Illinois' Motion to Dismiss Parties Illinois Department of Healthcare and Family Services and Barry Maram as Defendants will be **DENIED**.  This Court has jurisdiction over the State for the purposes of defending against the Standing Trustee's Turnover Complaint.

ENTERED:  JUN 29 2009

Hon. Pamela S. Hollis
Bankruptcy Judge

4